## HARRIS *v.* AMOS.

ATKINSON, J.  Martha Harris died leaving a will.  For a number of years before her death the testatrix owned two adjacent city lots, both rectangular in shape, each fronting thirty-five feet on Third Avenue and extending back in uniform width about one hundred and eighty feet to an alley.  For about ten years immediately before the death of the testatrix a fence separated the two lots along the entire dividing line.  On one of the lots was a residence in which the testatrix resided.  The other was cultivated as a garden.  The will contained four items, as follows:

"Item 1.  I bequeath to my beloved father, Washington Amos, the house and lot where I reside, known as 510 Third Avenue, for and during his natural life, with all income therefrom; and after his death, should Washington Amos's wife, Jane Amos, be in life, she is to take for the remainder of her life under the same conditions as set out above; and upon the death of both, same to revert to my estate and to be divided under the laws of distribution.

"Item 2.  I desire and direct the executor of my will to cut off from the rear of the lot upon which my house is located, and also from the lot adjacent, a lot of thirty feet wide, fronting on an alley, and running the width of both lots, and deed same to my husband Jim Harris.

"Item 3.  I bequeath to my husband, Jim Harris, all of my personal and household effects, with the exception of my sewing-machine and trunk. I desire my sewing-machine to be given to my niece, Martha Stanfield, and the trunk to my niece, Susan Stanfield.

"Item 4. I hereby appoint my father, Washington Amos, as executor of this my will, without bond, and he is expressly relieved from making any returns to the court." When the testatrix died she left surviving the husband named in the will,'but no children or other heirs, and no debts. The will was duly probated by the executor. *Held:*

1. Properly construed, there was an intestacy as to so much of the lot adjacent to the one on which the testatrix resided as was not included in the bequest to the husband under the second item of the will.

2. In an action against the executor by the husband, claiming, as legatee, so much of the land as was bequeathed to him under item two of the will, and, as sole heir at law, so much of the lot adjacent to that on which testatrix resided as was not disposed of by the will, when the uncontradicted evidence was as stated above, the plaintiff was entitled to a verdict for all of the lands for which he sued, and it was erroneous to direct a verdict finding for him only the land bequeathed by the second item of the will, and for the defendant a life-estate in all the rest of the land.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 16, 1915.

Equitable petition. Before Judge Mathews. Bibb superior court. December 2, 1913.

*L. D. Moore,* for plaintiff.